1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                               * * *

9    RONALD SATISH EMRIT,                Case No. 2:16-cv-02701-MMD-VCF

10                        Plaintiff,                  ORDER

11         v.

     SOUTHERN NEVADA REGIONAL
12   HOUSING AUTHORITY, *et al.,*

13                        Defendants.

14

15          On October 30, 2017, plaintiff was directed to file an amended complaint by

16   November 22, 2017. (ECF No. 19.) That deadline has has now expired, and Plaintiff has

17   not filed an amended complaint or otherwise responded to the Court's order.

18          District courts have the inherent power to control their dockets and "[i]n the

19   exercise of that power, they may impose sanctions including, where appropriate . . .

20   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

21   (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

22   to prosecute an action, failure to obey a court order, or failure to comply with local rules.

23   *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance

24   with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

25   failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

26   F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule

27   requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal*

28   *Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within fifteen (15) days expressly stated: "Failure to file an amended complaint with thirty (30) days may result in dismissal of this action with prejudice." (Dkt. no. 6.) Thus, Plaintiff had adequate warning that dismissal would result from Plaintiff's noncompliance with the Court's order to file an amended complaint.

///

///

///

///

It is therefore ordered that this action is dismissed with prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's order.

DATED THIS 6th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE